IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BEN CATO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 4:22-cv-4033 |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Comes now BEN CATO ("Plaintiff") and file this Original Complaint, complaining against the UNITED STATES OF AMERICA, ("USA"), hereinafter referred to as "Defendant", and for cause of action would respectfully show as follows:

## I.
## PARTIES AND SERVICE

1. Plaintiff, Ben Cato resides in Waxahachie, Ellis County, Texas.

2. Defendant, United States of America, pursuant to Federal Rule of Civil Procedure 4(i), may be served with process, including a copy of the summons and Complaint on the United States Attorney for the Southern District of Texas, 919 Milam Street, Suite 1500, Houston, Texas 77002, and by sending a copy of the summons and Complaint by certified mail, return receipt requested, to Merrick Garland, the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Ave., N.W., Washington, D.C. 20530-0001.

3. Pursuant to temporary measures due to COVID-19 concerns, the Complaint and Summons are being emailed to USATXS.CivilNotice@usdoj.gov, and a paper copy is

being mailed to the Civil Process Clerk, United States Attorney's Office, 1000 Louisiana St., Suite 2300, Houston, Texas 77002.

4. To the extent that the real party in interest is not correctly named, Plaintiff reserves the right to amend this complaint to include the name of the real party in interest, pursuant to Rule 17(a)(3), Fed. R. Civ. P.

## II.
## JURISDICTION AND VENUE

5. This action arises out of an automobile collision occurring on or about November 26, 2020, involving a United States Postal Service vehicle and a vehicle being driven by Plaintiff.

6. On or about November 26, 2020, a United States Postal Service vehicle was negligently driven by a United States Postal Service employee which struck Plaintiff at about the 1200 block of W. 34th Street in Houston, Harris County, Texas.

7. Plaintiff brings this action against the United States of America pursuant to 28 U.S.C. §1346(b) et. seq., 28 U.S.C. §2672 et. seq., and 28 U.S.C. §2679 et. seq., more commonly known as and referred to herein as the Federal Torts Claim Act, 39 C.F.R. 912, et. seq.

8. The Court has jurisdiction over the subject matter of this action pursuant to the Federal Torts Claim Act, 28 U.S.C. §1346(b) et. seq., 28 U.S.C. §2672 et. seq., and 28 U.S.C. §2679 et. seq. and pursuant to 39 U.S.C. §409, et. seq.

9. Pursuant to 28 U.S.C. §1402 venue is proper in the United States District Court for the Southern District of Texas, Houston Division because all or a substantial portion of the acts and or omissions complained of occurred.

## III.
## CONDITIONS PRECEDENT

10.     Plaintiff presented his notice of claim with the Standard Form 95 within two (2) years from the date of the accrual of his cause of action. The United States Postal Service paid Plaintiff for the property damage he incurred from the collision. More than six (6) months have elapsed since Plaintiff's claim was first presented to the United States Postal Service and the Postal Service has failed to make a final disposition of this claim. Therefore, Plaintiff brings this lawsuit for the injuries and damages he sustained.

## IV.
## FACTS

11.     On or about November 26, 2000, Plaintiff was operating his vehicle on or about the 1200 block of West 34th Street in Houston, Harris County, Texas when he was sideswiped by a USPS vehicle being driven by Tramaine Marie Adams-Davis. According to Ms. Adams-Davis, while she was operating the vehicle she jumped the left curb, lost control of the vehicle and while attempting to re-gain control of her vehicle, sideswiped Plaintiff's vehicle.  As a result of the collision, Plaintiff was pushed onto the right curb.  Further as a result of the negligence of Defendant, Plaintiff's suffered personal injuries, including neck and back injuries as well as injuries to his shoulder and ankle.

12.     At all times relevant to this collision, Tramaine Marie Adams-Davis was acting within the course and scope of her employment in her capacity as a letter carrier, and was an agent, apparent agent, servant and/or employee of, and had permission from her employer, United States Postal Service and United States of America to drive their

3

postal vehicle. Thus, under the doctrine of respondeat superior, the United States Postal Service and the United States of America are liable to Plaintiff for Ms. Adams-Davis's negligence.

## V.
## NEGLIGENCE

13. Defendant and its employee, Tramaine Marie Adams-Davis, owed and breached a duty of care to Plaintiff which amounts to negligence. Defendant's negligence was a proximate cause of the occurrence in questions and Plaintiff's damages.

14. Tramaine Marie Adams-Davis was negligent in the following ways,

    1. failing to maintain her vehicle in a single lane;

    2. failing to yield the right of way to Plaintiff;

    3. driving her vehicle at an excessive rate of speed;

    4. attempting to change lanes when it was unsafe to do so; and

    5. failing to control the speed of her vehicle.

Each of the acts of negligence by Defendant was a proximate cause of the occurrence in question and plaintiffs' damages.

## VI.
## NEGLIGENCE PER SE

15. Tramaine Marie Adams-Davis was guilty of negligence per se. More specifically, Ms. Adams-Davis violated the Texas Transportation Code Section 545 in the following ways:

    1. In driving at a speed greater than is reasonable and prudent under the circumstances then existing. (Tex. Transp. Code Ann. §545.351);

    2. In failing to maintain her vehicle in a single lane and moving her vehicle from one lane to another when it was unsafe to do so. (Tex. Transp. Code

Ann. § 545.103);

3. In failing to control the speed of her vehicle as necessary to avoid colliding with another vehicle than is on the highway. (Tex. Transp. Code Ann. § 545.351); and

4. In driving her vehicle in a reckless manner and in wilful and/or wanton disregard for the safety of persons or property. (Tex. Transp. Code Ann. § 545.401).

16. Ms. Adams-Davis's failure to comply with the requirements of the Texas Transportation Code amounts to negligence per se, and such negligence was a proximate cause of the occurrence in question and plaintiffs' damages.

## VII.
## RELIEF SOUGHT/INJURIES AND DAMAGES

17. As a result of defendants' negligence, plaintiff suffered the following damages:

   a. Physical pain and mental anguish suffered in the past and future;

   b. Medical, rehabilitation and nursing expenses incurred in the past and future;

   c. Lost wages; and

   d. Any other damages allowed under law.

Said damages total an amount in excess of the Court's minimum jurisdictional limits.

## VIII.
## PRAYER

18. Plaintiff adopts and incorporates by reference paragraphs 1 through 17 above.

19. WHEREFORE, Plaintiff prays for judgment as against Defendant for the following:

   a) Physical pain and mental anguish suffered by Plaintiff, in the past and future;

b) Medical, rehabilitation and nursing expenses incurred by Plaintiff in the past and future;

c) Lost wages of Plaintiff; and

d) For the actual damages and all applicable pre-judgment and post-judgment interest at the legal rate; and

e) For such other and further relief, both general and special, at law and in equity to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**JONES & SCHERRER, PLLC**

By   /S/ Robert Scherrer
**Robert Scherrer**
State Bar No. 17745420
Email: BScherrer@ujsmlaw.com
**W. Russ Jones**
State Bar No. 10968050
Email: RJones@ujsmlaw.com
5177 Richmond, Suite 320
Houston, Texas 77056
(713) 552-1144 - Telephone
(713) 781-4448 – Telecopier

Attorneys for Plaintiff